[Cite as *State v. Sobczak*, 2019-Ohio-1600.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NOS. 2018-P-0020**<br>**2018-P-0021** |
| JENNIFER E. SOBCZAK, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals from the Portage County Municipal Court, Ravenna Division.
Case Nos. 2017 CRB 02735 R and 2017 CRB 01551 R.

Judgment: Affirmed.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Theresa M. Scahill*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Wesley A. Johnston*, P.O. Box 6041, Youngstown, OH 44501 (For Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1} Appellant, Jennifer E. Sobczak, appeals from a February 7, 2018 sentencing entry of the Portage County Municipal Court, Ravenna Division, following a bench trial. The judgment is affirmed.

{¶2} On June 14, 2017, a complaint was filed in case No. 2017 CRB 1551 R, charging appellant with obstructing official business, a misdemeanor of the second degree, in violation of R.C. 2921.31(A).

{¶3} On October 10, 2017, complaints were filed in case No. 2017 CRB 2735 R, charging appellant with obstructing official business, a misdemeanor of the second

degree, in violation of R.C. 2921.31(A); and failure to comply, a misdemeanor of the first degree, in violation of R.C. 2921.331(B).

{¶4} A bench trial was held on February 7, 2018. The trial court found appellant guilty of obstructing official business in both cases, but not guilty of failure to comply. Appellant was fined $50.00 plus costs and sentenced to 90 days in jail on each count, to be served concurrently, with credit for 15 days served. The trial court suspended 30 days of the sentence upon the conditions that appellant (1) have no contact with the Village of Mantua except for personal emergency and (2) commit no violation of law for two years.

{¶5} Appellant filed notices of appeal from the sentencing entry on March 5, 2018. The appeal from case No. 2017 CRB 2735 R was assigned appellate number 2018-P-0020; the appeal from case No. 2017 CRB 1551 R was assigned appellate number 2018-P-0021. The cases have been consolidated for dispositional purposes only.

{¶6} Appellant raises one assignment of error in case No. 2018-P-0020 (2017 CRB 02735 R):

{¶7} "The trial court erred when it accepted a plea agreement where the Appellant stated she felt threatened and the terms of the plea agreement were vague. The acceptance of said plea agreement constituted a violation of Appellant's due process rights and an abuse of discretion."

{¶8} Appellant challenges the validity of a plea agreement. These cases, however, were tried to the bench. There was no plea agreement in case No. 2017 CRB 02735 R.

{¶9} Appellant's sole assignment of error in case No. 2018-P-0020 is without merit.

2

{¶10} In case No. 2018-P-0021 (2017 CRB 1551 R), appellant raises one assignment of error:

{¶11} "The evidence was insufficient to support the trial court finding Appellant guilty of obstructing official business and the Appellant's conviction was against the manifest weight of the evidence."

{¶12} "With respect to sufficiency of the evidence, '"sufficiency" is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law.'" *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997), quoting *Black's Law Dictionary* 1433 (6th Ed.1990). "In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process." *Id.* at 386-387, citing *State v. Robinson*, 162 Ohio St. 486 (1955) and *Tibbs v. Florida*, 457 U.S. 31, 45 (1982).

{¶13} "Weight of the evidence concerns 'the inclination of the *greater amount of credible evidence*, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the *greater amount of credible evidence* sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its *effect in inducing belief.*'" *Id.* at 387 (emphasis sic), quoting *Black's*, *supra*, at 1594.

{¶14} "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a '"thirteenth juror"' and disagrees with the factfinder's resolution of the conflicting

3

testimony." *Id.*, quoting *Tibbs*, *supra*, at 42. *See also State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983) ("The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.").

{¶15} Appellant was convicted of obstructing official business, in violation of R.C. 2921.31(A), which provides: "No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties."

{¶16} The charge in case No. 2017 CRB 1551 R was for conduct that occurred on June 8, 2017. The state presented evidence that, on that day, Lieutenant Kenneth Justus was working road patrol for the Village of Mantua Police Department when he responded to a request from the Ohio State Patrol to investigate a suspected impaired driver in Mantua Township. Lieutenant Justus stopped the vehicle and placed the impaired driver in handcuffs in his patrol car. Appellant was driving by in an old black-and-white patrol car, and she approached Lieutenant Justus's patrol car while honking her horn. Appellant stopped her car, her driver's side door next to Lieutenant Justus's driver side door, with the window down. She yelled to the officer that he was out of his jurisdiction and that the driver should fight the ticket. After twice asking appellant to leave, Lieutenant Justus exited his car. Appellant then accelerated rapidly and drove away; the officer deployed pepper spray but did not think it landed on appellant. Lieutenant Justus

4

coordinated with other units to look for appellant while he returned to the impaired driver. The interaction with appellant lasted a few minutes.

{¶17} Lieutenant Justus testified that appellant's actions impeded his investigation by distracting him at the scene and interrupting his actions concerning the Ohio State Patrol call. He was still responsible for the impaired driver in his custody and had yet to complete the vehicle tow inventory for the car. Lieutenant Justus acknowledged his jurisdiction is generally the Village of Mantua, not Mantua Township, but he explained the Village passed an ordinance in 1987 that allows the police department to assist agencies outside its jurisdiction upon request, such as the request he received from the Ohio State Patrol regarding the impaired driver.

{¶18} We conclude the evidence is legally sufficient to sustain appellant's conviction of obstructing official business in case No. 2017 CRB 1551 R. Additionally, we do not determine that appellant's conviction is against the manifest weight of the evidence; this is not the exceptional case in which the evidence weighs heavily against the conviction.

{¶19} Appellant's sole assignment of error in case No. 2018-P-0021 is without merit.

{¶20} The judgment of the Portage County Municipal Court, Ravenna Division, is affirmed.


THOMAS R. WRIGHT, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

5